IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10792
Summary Calendar
_____

ALLEN DAVID PAYROT,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CV-876-Y
- - - - - - - - - -
April 28, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges,

PER CURIAM:[*]

Allen David Payrot appeals the district court's denial of his *habeas corpus* petition filed under 28 U.S.C. § 2254. Payrot pleaded guilty to aggravated sexual assault of a child and was sentenced to ten years of probation. Later, Payrot violated his probation. After his probation was revoked, Payrot again pleaded

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty to aggravated sexual assault of another child. He was sentenced to a twenty-year term of imprisonment.

Payrot filed a state *habeas corpus* application contending that his second guilty plea was involuntary because his counsel failed to discover that the complainant was 15 years old, a fact which would have negated the element of aggravation in the offense. The Texas Court of Criminal Appeals granted Payrot's application and reversed his conviction. Ex parte Payrot, No. 71,788 (Tex. Crim. App. December 15, 1993)(unpublished). On remand, the jury found Payrot guilty of the lesser offense of sexual assault of a child. The trial court sentenced Payrot to 20 years of imprisonment to run consecutive to an unrelated ten-year sentence Payrot received for the aggravated assault of a police officer.

In this current petition Payrot contends that the district court violated his due process and equal protection rights because the only explanation for his new, increased sentence was judicial vindictiveness. The district court issued a certificate of appealability on this issue. Because Payrot filed his *habeas corpus* application after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), review is governed by AEDPA jurisprudence. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).

Payrot argues that a presumption of vindictiveness exists in his case. Payrot did not raise this argument in his objections

to the magistrate judge's report and recommendation; therefore, we review for plain error.  See Douglass v. United Servs. Auto. Assn., 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).  Plain error "[c]ontemplates an error that was clear under current law".  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1995)(en banc).  We have carefully reviewed his arguments.  We hold that the court's failure to find a presumption of vindictiveness is not plain error.  Indeed, Payrot was sentenced by two different judges, making such a presumption highly unlikely.  United States v. Moore, 997 F.2d 30, 38 (5th Cir. 1993).  Furthermore, Payrot's harsher sentence is supported by his intervening conviction and ten-year prison sentence for the aggravated assault of a police officer.  See id.  Finally, there is no case law to support Payrot's argument that a presumption of vindictiveness arises automatically when a defendant's second sentence is for a lesser offense than the first but the prison term is greater.

Payrot also argues that his second sentence was a result of actual vindictiveness.  We have reviewed the record and find no merit to Payrot's argument. Payrot's intervening conviction and sentence support the harsher sentence, and the trial court that issued the second sentence was not constrained by a plea agreement.

The district court did not err in denying Payrot's federal *habeas corpus* petition.

AFFIRMED.